# MANGO v GIALDINI et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 9, 1934

Osborne & Cravener, Youngstown, for plaintiff..

A. M. Henderson, Youngstown, and Manchester, Ford, Bennett & Powers, Youngstown, for defendants.

**OPINION**

By FARR, J.

Now, this action is in reality an action to quiet title by Samuel J. Mango. James J. Gialdini and L. Adavasio are answering cross-petitioners. Upon the offer of Samuel P. Mango, who succeeded to the title of his father in the northerly lot, to pay the one thousand dollars, L. Adavasio refused to accept it unless James J. Gialdini would also pay him one thousand dollars. Evidently the purpose of this arrangement was to equalize the values of the properties each held, having in mind directly the buildings upon the same.

Now, it is insisted in this connection that there was a difference between the buildings on the Adavasio lot, the Mango lot and the Gialdini lot. James J. Gialdini declined to pay the one thousand dollars, and now asks to have this contract cancelled, which, as before stated, is in effect an action to quiet title. He never signed this contract. He made the purchase of this property three years before the contract was entered of record by L. Adavasio. It is not disclosed here that he had any knowledge of the existence of the contract at the time of or before the purchase, and his name not being subscribed to it, it can not well be said that he is bound by the terms and conditions of the same. Therefore, the conclusion is that there was no mutuality; that James G. Gialdini, who purchased his father's lot at a partition sale, took it free of any encumbrance that might be imposed by the contract in writing, recorded three years after he took title to the property. Therefore, it follows that a decree may be entered quieting the title of James J. Gialdini to the southerly lot, which he holds by deed.

Next is the claim of Samuel J. Mango. Is he bound by the terms and provisions of this paper writing? That must be determined by whether or not this paper writing relates to real estate and was entitled to be recorded as it was. Samuel J. Mango admits that his father told him of the obligation resting upon him to pay one thousand dollars to L. Adavasio. When there was an opportunity to sell a part of this property to the Wilkins-Leonard Hardware Company, in order to clear any cloud as to the title, Samuel J. Mango offered to pay the one thousand dollars.

An examination of this contract discloses that in the fifth paragraph it is provided:

"Whereas, the said parties are desirous of retaining the relation of tenants in common in the buildings now situated on the three parcels of land amicable partitioned as herein above stated, and because said buildings are indivisible in comparison with the three specific parcels of land."

The parties were evidently intending to complete something which they felt had been omitted from their original amicable partition of the property, to-wit, that they were going to equalize values with reference to the buildings. The buildings had not been sold. They were still in their original position. They have not in any way been severed from the realty and remain a part of it, and then again, in the ninth paragraph of the purported agreement:

"It is further agreed by and between the parties hereto that in the event that the entire buildings should be destroyed or otherwise, to such an extent that they can not be repaired, then and in that event, in consideration of the party of the first part accepting the middle part of the land, in the amicable partition, and the parties of the second and third part accepting the south and north parts, the second and third parties each agree to pay Adavasio One thousand dollars."

And then again, in the tenth paragraph, it is provided:

"However, in the event that the lands and buildings as an entirety are sold, each party shall receive one-third of the sale price."

There can be no mistake as to what these parties intended to do as to equalizing the valuation of these lots with reference to the buildings which had not been severed from the property, and considering this paper writing as a whole, it does relate to real estate, and it is not within the statute of frauds, and that it was entitled to record in the records of Mahoning County.

Having reached that conclusion, it may be stated that it follows therefore that the prayer of the petition must be refused as to Samuel J. Mango, and a decree may be entered accordingly.

POLLOCK and ROBERTS, JJ, concur in the judgment.